UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES, | CASE NO. 2:23-CV-01225-LK |
| Plaintiff, | ORDER DEFERRING RULING UPON REPORT AND RECOMMENDATION |
| v. | |
| TRIPLE CANOPY INC., | |
| Defendant. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle L. Peterson, Dkt. No. 4, and pro se Plaintiff Cortez Daundre Jones' objections, Dkt. No. 5. Judge Peterson recommends denying Mr. Jones' IFP application because it fails to demonstrate that he cannot afford the filing fee. Dkt. No. 4 at 1–2; *see* Dkt. No. 1 (IFP application). She also recommends directing Mr. Jones to pay the filing fee or submit a corrected IFP application within 30 days. Dkt. No. 4 at 2 ("If Plaintiff fails to pay the requisite filing fee, or submit a corrected IFP application, this case may be dismissed.").

Mr. Jones filed timely objections identical to those in his other pending cases. Dkt. No. 5; *see Jones v. Kenzo*, No. 2:23-CV-01208-JHC, Dkt. No. 9 at 24–25 (W.D. Wash. Aug. 31, 2023)

1   (observing that Mr. Jones filed the same objections in all 57 of his pending cases). Although

2   difficult to discern, he appears to suggest that the income he reported in his IFP application is

3   "from investments that have not been made available to spend." Dkt. No. 5 at 1. Mr. Jones claims

4   that "even though [he] ha[s] made money on investment[s]," not all that money is available to

5   him—in fact, he states that his Fidelity account is now closed and that he cannot access those

6   earnings at all. *Id.* The Court further notes that Mr. Jones filed an amended IFP application in

7   another case before this Court indicating that he may not be able to afford the filing fee. *See Jones*

8   *v. Fidelity Invs.*, 2:23-CV-01149-LK, Dkt. No. 9 (W.D. Wash. Aug. 17, 2023).[1]

9           Accordingly, Mr. Jones will be permitted 30 days from the date of this Order to file an

10  amended IFP application in this case. He must provide complete and detailed financial information

11  and, if he has no means of support, he must explain how he is able to meet basic monthly expenses,

12  including food and shelter. If Mr. Jones fails to timely submit a revised IFP application, the Court

13  will adopt Judge Peterson's R&R and require Mr. Jones to pay the standard filing fee in order to

14  continue this case.

15          Mr. Jones is reminded that pro se litigants must keep the Court advised as to their current

16  mailing address. If mail is returned as undeliverable and a pro se plaintiff fails to notify the Court

17  within 60 days thereafter of his or her current mailing address, the Court may dismiss the action

18  without prejudice for failure to prosecute. *See* LCR 41(b)(2).

19  //

20  //

21  //

22  //

23

24  [1] As the Court stated in an order in that case, this IFP application is deficient because it indicates that Mr. Jones has no income, no sources of money, no money on hand or in accounts, no property, and no monthly expenses.

ORDER DEFERRING RULING UPON REPORT AND RECOMMENDATION - 2

1    The Clerk is directed to send copies of this Order to Mr. Jones at his last known address

2  and to Judge Peterson.

3    Dated this 8th day of September, 2023.

4

5                                              Lauren King
                                               United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DEFERRING RULING UPON REPORT AND RECOMMENDATION - 3